# Lee Litigation Group, PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:    212-465-1188
                    cklee@leelitigation.com

**Via ECF**                                                                December 2, 2024

The Honorable Arun Subramanian, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Courtroom 15A
New York, NY 10007

                    Re:    *Correa v. NRP Food Solutions LLC et al*
                           Case No.: 1:24-cv-05220

Dear Judge Subramanian:

    We are counsel to Plaintiff and we write pursuant to Local Rule 37.2 and Your Honor's Individual Practices, to request that the Court resolve the parties' discovery disputes and compel Defendants to produce class discovery for litigation purposes.

    On November 25, 2024, at around 10:10 a.m., lead counsel for Plaintiff, C.K. Lee, Esq., and lead counsel for Defendants, Scott Steiner, Esq., met and conferred for approximately 20 minutes regarding Defendants' responses and objections to Plaintiff's discovery requests, including Plaintiff's requests for class discovery and ESI discovery. The parties reached an agreement on some issues, but could not agree regarding class discovery and require judicial intervention.

    As the Court is aware, the dispute regarding class discovery has been ongoing. *See* Dkt. No. 18. On October 28, 2024, the parties met and conferred regarding class discovery, among other issues, wherein Defendants represented that they would be producing class discovery for both litigation and mediation purposes. To date, class production or a sampling for discovery has yet to be produced. Defendants maintain that any class documents to be produced would only be for mediation and not for discovery. Hence, the request for judicial intervention.

    A.  <u>Class Documents</u>

    Plaintiff notes that courts in the Second Circuit have repeatedly held that plaintiffs are entitled to pre-certification discovery of documents regarding potential class members. *See Benavides v. Serenity Spa NY Inc*., 166 F. Supp. 3d 474, 492 (S.D.N.Y. May 19, 2016) ("[P]roduction of wage-and-hour documents, tip records . . . [for all non-exempt employees in the six years prior to the complaint] would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate over any individual issues as required by Rule 23."). In *Salazar v. Spectrum of Creations, Inc*., No. 16 Civ. 653, Dkt. No. 52 (VSB) (S.D.N.Y. Sept. 9, 2016), the court held:

> "Whatever the merits of their claim, Plaintiffs have repeatedly stated throughout this action that they intend to seek Rule 23 class certification, and the Second Circuit has noted both that '[i]n deciding a motion for class certification under Rule 23, the district judge must receive enough evidence . . . that each Rule 23 requirement has been met."

*See also Rahman v. Smith & Wollensky Rest. Grp.*, Inc., 2007 U.S. Dist. LEXIS 37642, at *9 (S.D.N.Y. 2007) ("Pre-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate."); *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); *Calabrese v. CSC Holdings, Inc.*, 2007 U.S. Dist. LEXIS 16059, at *20 (E.D.N.Y. 2007).

In the instant case, class discovery is even more appropriate as the Court has already granted Plaintiff's Motion for Conditional Collective Certification as unopposed. *See* Dkt. No. 32. Moreover, Plaintiff will be using the class discovery sought in their Rule 23 class certification which they intend to file.

Defendants' records produced already show violations on the face of Plaintiff's documents. For example, the chart below is a sample from Defendants' documents showing Plaintiff's weekly pay and hours paid.

| Pay Period Start | Pay Period End | Regular Hours Worked | Regular Rate | Overtime Hours Worked | Overtime Rate | Total Amount Paid |
|---|---|---|---|---|---|---|
| 1/21/2024 | 1/27/2024 | 40 | 23.26 | 2 | 34.89 | 1000.18 |
| 1/14/2024 | 1/20/2024 | 40 | 23.26 | 2 | 34.89 | 1000.18 |
| 12/31/2024 | 1/6/2024 | 40 | 23.26 | 2 | 34.89 | 1000.18 |
| 12/24/2023 | 12/30/2023 | 40 | 23.26 | 2 | 34.89 | 1000.18 |
| 12/17/2023 | 12/23/2023 | 40 | 23.26 | 2 | 34.89 | 1000.18 |
| 12/10/2023 | 12/16/2023 | 40 | 23.26 | 2 | 34.89 | 1000.18 |

These records substantiate Plaintiff's allegation that Defendants only paid Plaintiff a fixed weekly rate based on a fixed number of hours per week, regardless of the total hours worked by Plaintiff. Plaintiff regularly worked over and above her weekly scheduled hours. Defendants did not keep track of their employees' actual hours and did not maintain any time records resulting in Plaintiff not being paid for *all* of her overtime hours even though she regularly worked more than the hours shown on her paystubs. Moreover, Defendants admit in their discovery responses that they do not maintain any time records. This documented violation of failing to pay for all hours worked applied to all Class Members.

Defendants' document discovery is all computerized, easy to produce, and will provide strong evidence establishing a violation of the FLSA and NYLL happening across all Class Members.

Thus, Plaintiff respectfully requests the Court to compel Defendants to produce class documents (including but not limited to, wage records, time records, wage notices, handbooks, EZ Pass records, payroll summaries, among others) not only for mediation, but for litigation purposes as well, by December 6, 2024.

B. <u>ESI DISCOVERY</u>

As of now, the parties have agreed to an ESI protocol, including custodians and search terms. Plaintiff has requested Defendants to provide ESI Discovery by December 4, 2024. Plaintiff will not burden the Court with this matter but will raise this issue if Defendants fail to produce the ESI hit report as agreed.

\*   \*   \*   \*   \*   \*   \*   \*   \*

We thank the Court for its consideration of the above.

Respectfully submitted,

*/s/ C.K. Lee*

If defendants wish to respond, they should do so by **December 5, 2024 at 12:00 PM**.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: December 3, 2024

3